# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. R. L., et al., | Case No.: 1:21-cv-01445 JLT CDB |
| Plaintiffs, | **PRETRIAL ORDER** |
| v. | Deadlines: |
| CLINICA SIERRA VISTA, et al., | *Daubert* Motion Filing: **1/29/2024** |
| | Oppositions to *Daubert* Motion: **2/12/2024** |
| Defendants. | Trial Submissions: **2/20/2024** |
| | Court trial: **3/5/2024**[1] at 8:30 a.m., **10-14** days estimate |

B.R.L., a minor, by and through his Guardian Ad Litem, Franchesca Lara; Franchesca Lara; and Miguel Lara bring this medical malpractice action alleging negligence by health care providers prior to B.R.L.'s birth. The United States removed the action from Kern County Superior Court, which was filed by Plaintiffs on October 29, 2020. (Doc. 1.) Defendants Clinica Sierra Vista, Lynous Willard Hall, M.D., and Hung Traw Henry Luu Tran, M.D., were substituted by the United States pursuant to the Federal Torts Claims Act (28 U.S.C. §§ 2671 *et seq.*) and 42 U.S.C. § 233. (Doc. 4.)

On January 8, 2024, at 1:30 p.m., the Court conducted a pretrial conference in this action. Scott A. VanWagenen appeared as counsel for Plaintiffs. Victoria L. Boesch appeared as counsel for the

---

[1] The Court is set to preside over a criminal trial beginning on the same date. The Court will alert counsel if it learns that the criminal trial will proceed. Counsel may also check with the Court, as the trial date approaches, to determine whether their matter will proceed as currently scheduled.

1

United States. Having considered the parties' joint pretrial statement (Doc. 35), the Court issues this tentative pretrial order.

**A.    JURISDICTION/ VENUE**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). Jurisdiction is not contested. In addition, the events that gave rise to this action occurred in Kern County, California. Accordingly, venue is proper in the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 1391.

**B.    NON-JURY TRIAL**

Pursuant to 28 U.S.C. § 2402, Plaintiffs are not entitled to a jury trial in this matter.

**C.    UNDISPUTED FACTS**

1. Franchesca Lara presented to Clinica Sierra Vista on or about April 11, 2019. On that date, medical records reflect that she had a positive urine pregnancy test.
2. Franchesca Lara presented to Clinica Sierra Vista on or about July 22, 2019, for an initial OB visit with Dr. Lynous Hall. On that date, medical records reflected an estimated date of delivery (EDC) of November 13, 2019.
3. Franchesca Lara presented to Clinica Sierra Vista on or about July 29, 2019, for an OB visit with Dr. Lynous Hall. On that date, medical records reflect that the estimated date of delivery (EDC) was changed to August 30, 2019. The medical records reflect that this change was according to an ultrasound performed on April 2, 2019.
4. The medical records reflect that, during the July 29, 2019 visit, Franchesca Lara was scheduled for an OB ultrasound on August 14, 2019, at 11:00 a.m. The medical records note a uterine size-date discrepancy.
5. The medical records do not include any ultrasound report for an ultrasound performed on Franchesca Lara on April 2, 2019.
6. The medical records include an ultrasound report for an ultrasound performed on Franchesca Lara on April 2, 2018, during a previous pregnancy.
7. Franchesca Lara did not present for the August 14, 2019 ultrasound appointment.
8. Franchesca Lara presented to the Emergency Department at Adventist Health on August

15, 2019, at 1:25 p.m. The medical records reflect that at that time she was 4 centimeters dilated with frequent contractions and a positive Amnisure test.

9. The medical records reflect that B.R.L. was born at 2:10 a.m. on August 16, 2019 at Adventist Health Bakersfield.

10. B.R.L. received care after birth in connection with his being born prematurely.

## D. DISPUTED FACTS

1. The nature of the medical care received by B.R.L. and Franchesca Lara.
2. The existence and extent of the alleged injuries.
3. The cause of the alleged injuries.

## E. DISPUTED EVIDENTIARY ISSUES/MOTIONS IN LIMINE

**Plaintiffs:**

1. Since this is a court trial, plaintiffs will argue motions in limine in this case are improper, unnecessary, and will cause undue delay, unnecessary costs and waste of judicial resources.
2. Defendants cannot offer trial evidence they did not disclose in discovery.

**Defendants**:

The United States will file specific motions in limine on some issues and address others with objections at trial. The United States believes that a limited number of motions in limine will be helpful in this case to resolve prior to trial key evidentiary issues regarding the admissibility of proffered expert testimony and damages evidence.

1. Plaintiffs can only offer expert opinions at trial that were disclosed in accordance with this Court's orders and Fed. R. Civ. P. 26.
2. Plaintiffs cannot offer at trial evidence that they did not disclose in discovery.
3. Plaintiffs should not be permitted to introduce evidence of damages for which they have not provided computations as required by Fed. R. Civ. P. 26(a)(1)(A)(iii).
4. Plaintiffs should not be permitted to offer expert testimony at trial that does not meet the requirements of Federal Rule of Evidence 702 because it is not based on sufficient facts or data, is not the product of reliable principles and methods, and/or does not reflect a reliable application of those principles and methods to the facts of the case.

3

5. Plaintiffs should not be allowed to offer evidence regarding damages that are not recoverable under the applicable law.

The Court finds that most of the issues identified here can be addressed at the time of the trial. However, because it appears to be more efficient to determine the challenge to the reliability/admissibility of expert witness, any *Daubert* motion **SHALL** be filed **no later than January 29, 2024** and any opposition to the motion **SHALL** be filed **no later than February 12, 2024**. The Court sets the hearing on the *Daubert* motion on **February 21, 2024 at 9:00 a.m.** The witnesses may appear and testify via Zoom provided the plaintiffs give notice to the Court and counsel of the desire to present the testimony in this manner, **no later than February 14, 2024**.

**F.    SPECIAL FACTUAL INFORMATION**

1. Pursuant to Local Rule 281(b)(6)(iv)(A), the parties provide the following:

    Plaintiffs allege negligence in medical care rendered between July 29, 2019, and B.R.L.'s August 16, 2019, birth, asserting that use of an April 2, 2018, ultrasound from a prior pregnancy to change the estimated due date for Franchesca Lara's pregnancy with B.R.L. violated the standard of care.

2. Pursuant to Local Rule 281(b)(6)(iv)(B), the parties provide the following:

    B.R.L. is currently 4 years old. Plaintiffs allege that B.R.L.'s premature birth places him at risk for a wide range of health, learning, and social difficulties.

**G.    RELIEF SOUGHT**

**Plaintiffs**:

1. Monetary damages from Defendant United States for past medical expenses received by B.R.L. and Franchesca Lara, as well as future medical expenses to be incurred by B.R.L. Plaintiffs also seek loss of past, current and future earnings for Franchesca Lara.

2. General damages for B.R.L., Franchesca Lara and Miguel Lara including but not limited to pain, suffering, emotional distress and impairment of quality of life, grief and anxiety.

3. Past, present and future counseling, education and/or training for B.R.L. as set forth by Bradley Schuyler, Ph.D. in his opinions set forth in his deposition testimony.

///

4

**Defendant United States**:

A judgment of no liability and an award of costs. Pursuant to 28 U.S.C. § 2675(b), the Plaintiffs' damages, if any, are limited to the amount stated in their administrative claims.

The United States understands that the only past medical expenses being sought by Plaintiffs in this lawsuit are those included in a Medi-Cal lien related to B.R.L.'s care immediately after birth.

**H.    ABANDONED ISSUES**

None.

**I.    WITNESSES**

The following is a list of witnesses that the parties expect to call at trial, including rebuttal and impeachment witnesses. NO WITNESS, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE CALLED AT TRIAL <u>FOR ANY PURPOSE</u> UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(10).

1. **The Court does not allow undisclosed witnesses to be called for any purpose, including impeachment or rebuttal, unless they meet the following criteria**:
    a. The party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not be reasonably anticipated at the pretrial conference; or
    b. The witness was discovered after the pretrial conference and the proffering party makes the showing required in paragraph 2, below.
2. Upon the post pretrial discovery of any witness a party wishes to present at trial, the party shall promptly inform the court and opposing parties of the existence of the unlisted witnesses so the court may consider whether the witnesses shall be permitted to testify at trial. The witnesses will not be permitted unless:
    a. The witness could not reasonably have been discovered prior to the discovery cutoff;
    b. The court and opposing parties were promptly notified upon discovery of the witness;

      c. If time permitted, the party proffered the witness for deposition; and

      d. If time did not permit, a reasonable summary of the witness's testimony was provided to opposing parties.

3. Each party may call any witnesses designated by the other.

**Plaintiffs' Witnesses**:

1. Franchesca Lara
2. Miguel Lara
3. B.R.L.
4. Bradley Schuyler, Ph.D.
5. James Ingaglio, MD, MMM, FACOG, FACS
6. Donna Post, RN
7. Jenny McNulty, CPA, MBA
8. Tracy Albee, PHN BSN RN LNCC CLCP
9. Arthur Partikian, MD[2]
10. Lynous Willard Hall, MD
11. Hung Traw Henry Luu Tran, MD

**Defendants' Witnesses**:

1. Dr. Lynous Willard Hall, contact through counsel
2. Dr. Hung Traw Henry Luu Tran, contact through counsel
3. Dr. Victor Chan, OB/GYN, contact through counsel
4. Dr. Mary Kay Dyes, pediatric neurologist, contact through counsel
5. Dr. Kimberly BeDell, pediatric physiatrist, contact through counsel
6. Dr. Robert Gray, pediatric neuropsychologist, contact through counsel
7. Sarah Larsen, RN, MSN, FNP, LNC, CLCP, life care planner, contact through counsel
8. Dr. Charles R. Mahla, economist, contact through counsel

///

---

[2] At the hearing, the plaintiff withdrew this witness. Thus, Dr. Partikian will not be permitted to testify at trial.

**J.    EXHIBITS, SCHEDULES, AND SUMMARIES**

NO EXHIBIT, OTHER THAN THOSE LISTED IN THIS ORDER, MAY BE ADMITTED FOR ANY PURPOSE, INCLUDING IMPEACHMENT AND REBUTTAL, UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(11).

1. For a party to admit an undisclosed exhibit for any purpose, including impeachment or rebuttal, they must meet the following criteria:
    a. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence that could not have been reasonably anticipated, or
    b. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required in paragraph 2, below.
2. Upon the discovery of exhibits after the discovery cutoff, a party shall promptly inform the Court and opposing parties of the existence of such exhibits so that the Court may consider their admissibility at trial. The exhibits will not be received unless the proffering party demonstrates:
    a. The exhibits could not reasonably have been discovered earlier;
    b. The Court and the opposing parties were promptly informed of their existence; and
    c. The proffering party forwarded a copy of the exhibits (if physically possible) to the opposing party. If the exhibits may not be copied the proffering party must show that it has made the exhibits reasonably available for inspection by the opposing parties.

**Plaintiffs' Exhibits**:

1. Deposition Transcript and Exhibits of Lynous Willard Hall, MD dated December 21, 2022.
2. Deposition Transcript and Exhibits of Hung Traw Henry Luu Tran, MD dated December 14, 2022.
3. Medical Records and Bills; Franchesca Lara; Clinica Sierra Vista; dated 01/01/18 to date and continuing.
4. Medical Records and Bills; Franchesca Lara; Adventist Health Bakersfield; 8/15/19 through 8/20/19.
5. Medical Records and Bills; B.R.L.; Adventist Health Bakersfield; 8/15/19 through 8/20/19.

6. Medical Records and Bills; B.R.L.; Kern Medical Center;8/20/19 through 12/27/19, 8/18/21, 1/1/22, 8/24/22.
7. Medical Records and Bills; B.R.L.; Children's Hospital Los Angeles; 1/16/20, 2/10/20.
8. Medical Records and Bills; B.R.L.; Bakersfield Memorial Hospital; 2/11/20, 5/2/20 through 5/5/20, 7/22/20, 9/5/20, 9/27/20, 12/25/20 through 12/26/20, 2/16/21 through 2/22/21, 3/28/21, 1/1/22, 1/7/22, 2/2/22 through 2/3/22, 3/18/22, 8/18/22, 12/4/22 through 12/5/22, 4/25/23, 5/18/23, 6/11/23.
9. Medical Records and Bills; B.R.L.; Clinica Sierra Vista; 1/9/20, 1/10/20, 2/3/20, 3/13/20, 4/10/20, 5/6/20, 5/20/20, 5/29/20, 8/12/20.
10. Medical Records and Bills; B.R.L.; Valley Children's Hospital Madera; 3/13/20, 4/10/20.
11. Any and all photos of B.R.L..
12. Any and all trial exhibits produced by Plaintiff's expert witnesses during the course of discovery.

**Defendants' Exhibits**:

1. Clinica Sierra Vista Medical Records for Franchesca Lara.
2. Adventist Health Medical Records for Franchesca Lara.
3. Cochrane Library; Cochrane Database of Systematic Reviews; "Magnesium sulfate for preventing preterm birth in threatened preterm labor" (Review); Crowther CA, Brown J, McKinlay CJD, Middleton P; 2014, Issue 8. Art. No.:CD001060.
4. Obstetrics & Gynecology, vol 128, number 4 October 2016; Practice Bulletin No.171, Summary: Management of Preterm Labor.
5. Creasy & Resnik's Maternal-Fetal Medicine, 8th edition. Chapter 42 "Premature Rupture of the Membranes" (Preterm PROM at 23-31 weeks Gestation) p.712-721.
6. Medi-Cal documents relating to lien for B.R.L.
7. Medi-Cal funding documents.
8. Clinica Sierra Vista Medical Records for B.R.L.
9. Adventist Health Medical Records for B.R.L.
10. Children's Hospital Los Angeles Records for B.R.L.

11. Deposition transcript for Dr. James Ingaglio, including exhibits, August 16, 2023 deposition.

12. Federal Rule of Civil Procedure 26 Dr. James Ingaglio Expert Report dated January 25, 2023.

13. Deposition transcript for Dr. Bradley Schuyler, including exhibits, September 22, 2023 deposition.

14. Federal Rule of Civil Procedure 26 Dr. Bradley Schuyler Expert Report dated January 29, 2023.

15. Deposition transcript for Franchesca Lara, including exhibits, October 24, 2022 deposition.

16. Deposition transcript for Miguel Lara, including exhibits, October 24, 2022 deposition.

The parties must exchange exhibits, not previously produced/obtained in discovery, no later than **January 26, 2024**. No later than **February 6, 2024**, counsel **SHALL** meet and confer to discuss any disputes related to the above listed exhibits and to pre-mark and examine each other's exhibits. Any exhibits not previously disclosed in discovery **SHALL** be provided via e-mail or overnight delivery so that they are received by the above exhibit exchange deadline.

1. At the exhibit conference, counsel will determine whether there are objections to the admission of each of the exhibits and will prepare separate indexes; one listing joint exhibits, one listing Plaintiffs' exhibits and one listing Defendants' exhibits. In advance of the conference, counsel must have a complete set of their proposed exhibits to be able to fully discuss whether evidentiary objections exist.

2. At the conference, counsel shall identify any duplicate exhibits, i.e., any document which both sides desire to introduce into evidence. These exhibits **SHALL** be marked as a joint exhibit and numbered as directed above. Joint exhibits **SHALL** be admitted into without further foundation, **but** they must be moved into evidence, when appropriate.

All joint exhibits will be pre-marked with numbers preceded by the designation "JT" (e.g., JT/1, JT/2, etc.). Plaintiffs' exhibits will be pre-marked with numbers beginning with 1 by the designation PX (e.g., PX1, PX2, etc.). Defendants' exhibits will be pre-marked with numbers beginning with 501 preceded by the designation DX (e.g., DX501, DX502, etc.). The parties **SHALL** number each page of

any exhibit exceeding one page in length (e.g., PX1-1, PX1-2, PX1-3, etc.).

If originals of exhibits are unavailable, the parties may substitute legible copies. If any document is offered that is not fully legible, the Court may exclude it from evidence.

Each joint exhibit binder shall contain an index which is placed in the binder before the exhibits. The index shall consist of a column for the exhibit number, one for a description of the exhibit and one column entitled "Admitted in Evidence" (as shown in the example below).

**INDEX OF JOINT EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE |
|---|---|---|
|  |  |  |

3.  As to any exhibit which is not a joint exhibit but to which there is no objection to its introduction, the exhibit will likewise be appropriately marked, i.e., as PX1, or as DX501 and will be indexed as such on the index of the offering party. Such exhibits will be admitted upon introduction and motion of the party, without further foundation.

4.  Each exhibit binder shall contain an index which is placed in the binder before the exhibits. Each index shall consist of the exhibit number, the description of the exhibit and the three columns as shown in the example below.

**INDEX OF EXHIBITS**

| EXHIBIT# | DESCRIPTION | ADMITTED IN EVIDENCE | OBJECTION FOUNDATION | OBJECTION OTHER |
|---|---|---|---|---|
|  |  |  |  |  |

5.  On the index, as to exhibits to which the only objection is a lack of foundation, counsel will place a mark under the column heading entitled "Objection Foundation."

6.  On the index, as to exhibits to which there are objections to admissibility that are not

based solely on a lack of foundation, counsel will place a mark under the column heading entitled "Other Objections."

7. As to each exhibit which is not objected to in the index, it shall be marked and received into evidence and will require no further foundation.

After the exhibit conference, the parties **SHALL** develop four complete, legible sets of exhibits. The parties **SHALL** deliver four sets of their exhibit binders to the Courtroom Deputy and provide one set to their opponent by **no later than 4:00 p.m**. on **February 29, 2024**. Counsel **SHALL** determine which of them will also provide three sets of the joint exhibits to the Courtroom Deputy.

8. The parties **SHALL** number each page of any exhibit exceeding one page in length.

## K.  POST-TRIAL EXHIBIT RETENTION

Counsel who introduced exhibits at trial **SHALL** retrieve the original exhibits from the Courtroom Deputy following the verdict in the case. The parties' counsel **SHALL** retain possession of and keep safe all exhibits until final judgment and all appeals are exhausted.

## L.  DISCOVERY DOCUMENTS

The following is a list of discovery documents – portions of depositions, answers to interrogatories, and responses to requests for admissions – that the parties expect to offer at trial. NO DISCOVERY DOCUMENT, OTHER THAN THOSE LISTED IN THIS SECTION, MAY BE ADMITTED UNLESS THE PARTIES STIPULATE OR UPON A SHOWING THAT THIS ORDER SHOULD BE MODIFIED TO PREVENT "MANIFEST INJUSTICE." Fed. R. Civ. P. 16(e); Local Rule 281(b)(12).

**Plaintiffs' Documents**

1. *See* Plaintiffs' Exhibits, *supra* Section J.

**Defendants' Documents**:

1. Portions of Plaintiff Osorio's deposition testimony.
2. Transcript of the deposition of Aaron Woolfson.
3. Transcript of the deposition of Marisol Gomez.
4. Deposition Transcript of the deposition of Joseph Krock.
5. Plaintiff's initial disclosures.

**M.    FURTHER DISCOVERY OR MOTIONS**

No further discovery is sought by either party.

**N.    STIPULATIONS**

None.

**O.    AMENDMENTS/ DISMISSALS**

None.

**P.    SETTLEMENT NEGOTIATIONS**

The parties have engaged in two mediation sessions with a private mediator, both of which were unsuccessful.

**Q.    AGREED STATEMENT**

None.

**R.    SEPARATE TRIAL OF ISSUES**

The defense seeks to bifurcate the issues of liability and damages, arguing that the liability issues can be resolved in 4 trial days instead of the 10-14 trial days required to try both liability and damages. After hearing argument on the topic at the conference, the Court will bifurcate the damages question to a second phase. However, assuming the parents will offer testimony as to both topics, they can choose whether to present the entirety of their testimony in the first phase, rather than having to testify twice. Also, if there are other witnesses who will need to testify in both phases, counsel **SHALL** meet and confer to determine whether they agree that these witnesses will testify fully in the first phase, while keeping in mind that minimizing the length and expense of the first phase of the trial is the goal of bifurcation.

**S.    APPOINTMENT OF IMPARTIAL EXPERTS**

None requested.

**T.    ATTORNEYS' FEES**

An award of attorneys' fees may be sought, as appropriate, as a post-trial motion.

**U.    TRIAL DATE/ ESTIMATED LENGTH OF TRIAL**

Trial is set for **March 5, 2024**, at 8:30 a.m. before the Honorable Jennifer L. Thurston at the Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California. Trial is expected to

last **10-14 days**.

## V. TRIAL PREPARATION AND SUBMISSIONS

### 1. Trial Briefs

The parties **SHALL** file trial briefs on or before **February 20, 2024**.

## W. OBJECTIONS TO PRETRIAL ORDER

Any party may, **within 14 days** after the date of service of this order, file and serve written objections to any of the provisions set forth in this order. Each party is also granted 7 days thereafter to respond to the other party's objections. Such objections shall clearly specify the requested modifications, corrections, additions or deletions. If no objections are filed, the order will become final without further order of the Court.

The parties are reminded that pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified only to prevent manifest injustice.

## X. MISCELLANEOUS MATTERS

As to any issue on which the party has the burden of proof, the Court will require the party to file proposed findings of fact and conclusions of law. Counsel **SHALL** be prepared that they will have a short turnaround after the first phase of trial, so they should take steps to ensure they are available to do that or to prepare a draft in advance that they can update as the first phase of trial proceeds.

Though it is the Court's practice to run a shorten trial day during jury trials, the Court is inclined to run this bench trial from 8 a.m. through 4 p.m. every day after the first day, which will begin at 8:30 a.m. Counsel SHALL plan accordingly to ensure witness availability, so there is no wasted time.

///
///
///
///
///
///

**Y.     COMPLIANCE**

Strict compliance with this order and its requirements is mandatory. All parties and their counsel are subject to sanctions, including dismissal or entry of default, for failure to fully comply with this order and its requirements.

IT IS SO ORDERED.

Dated:   **January 9, 2024**

UNITED STATES DISTRICT JUDGE