UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. R. L., a minor, by and through his guardian ad litem Franchesca Lara, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CLINICA SIERRA VISTA, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-01445-JLT-CDB<br><br>ORDER REQUIRING PLAINTIFFS TO SUBMIT SUPPLEMENTAL BRIEFING ON PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Doc. 46)<br><br>**45-DAY DEADLINE** |

Pending before the Court is minor Plaintiff B. R. L.'s stipulated petition for approval of minor's compromise claim, filed on August 12, 2024. (Doc. 46). Plaintiff B. R. L. brings this petition through his parent and guardian ad litem, Franchesca Lara. (Doc. 1-1 at 1).

**I. Background**

According to allegations contained in the complaint, on August 16, 2019, Plaintiff B. R. L was born to his mother, guardian ad litem Franchesca Lara, at Adventist Health Bakersfield. (Doc. 1 at 9). B. R. L. was born prematurely and, because of this, required special care. (Doc. 46 at 2). On October 29, 2020, Plaintiffs filed an action in Kern County Superior Court alleging professional negligence resulting in medical malpractice against Clinica Sierra Vista, Adventist Health Bakersfield, and a number of medical professionals. (Doc. 1 at 5). On September 28, 2021, the United States of America removed this case from Kern County Superior Court. (Doc. 1). Defendant substituted in for

Defendants Clinica Sierra Vista, Lynous Willard Hall, and Hung Traw Henry Luu Tran under the Federal Tort Claims Act (28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b)) ("FTCA") and 42 U.S.C. § 233. (*See* Doc. 4).

On December 22, 2023, the parties filed their joint pretrial statement. (Doc. 35). The pretrial conference was held on January 8, 2024. (Doc. 36). On January 9, 2024, a pretrial order was issued, setting a jury trial for March 5, 2024, before District Judge Jennifer L. Thurston. (Doc. 37). On January 24, 2024, Defendant filed a notice of settlement. (Doc. 38). On January 31, 2024, the trial date was vacated and the parties were given twenty-one (21) days to file a petition for approval of minor's compromise. (Doc. 39). On February 23, 2024, the Court issued an order to show cause for failure to timely file the petition. (Doc. 40).

In response to the order, counsel for Plaintiff represented that the parties were waiting upon a Medi-Cal lien. (*See* Doc. 42). The California Department of Health Care Services ("DHCS") had provided that their policy is to wait one-hundred-and-twenty (120) days after the final date of treatment, or settlement date, whichever comes first, to order data from the beneficiary's managed care plan; the data was scheduled to be ordered May 23, 2024. *See id.* The Court directed counsel for Plaintiff to file a declaration as to the status of the lien by May 28, 2024. (Doc. 43). Counsel for Plaintiff filed this declaration on May 21, 2024, representing that the parties were still awaiting the data from DHCS. (*See* Doc. 44). The Court extended by 90 days the time by which Plaintiff was required to file either a petition for approval of minor's compromise or a further declaration updating the Court as to the status of the lien (*e.g.* by no later than August 26, 2024). (Doc. 45). On August 12, 2024, counsel for Plaintiff filed the stipulated petition for approval of minor's compromise claim. (Doc. 46).

The settlement for B. R. L. is in the amount of $625,000.00, to be paid by Defendant, including all costs and attorneys' fees. *Id*. at 3. The parties have agreed that $225,774.13 will be payable by electronic fund transfer to JMW Settlements, LLC, for the purchase of an annuity for the benefit of B. R. L. *Id.* The annuity will make payments to B. R. L. as follows: a lump sum of $75,000 payable on August 16, 2037; a lump sum of $100,000 payable on August 16, 2040; a lump sum of $150,000 payable on August 16, 2044; and a lump sum of $225,000 payable on August 16, 2049. *Id.* The

amount of $399,225.87 will be paid to counsel for Plaintiff's client trust account for attorneys' fees ($156,250), advanced case costs ($28,687.50), and payment to DHCS to satisfy a lien for medical care previously provided ($214,288.37). *Id.* at 4.

The settlement for the adult claimants, Franchesca Lara and Miguel Lara, is in the amount of $225,000, to be paid by Defendant Adventist Health, *et al*; from that amount, $112,500 is for each adult claimant. *Id.* at 4. From that amount, $69,555.88 is the net recovery for Franchesca Lara; $37,500 is for attorneys' fees; and $5,444.12 is for costs and expenses incurred and advanced by counsel. *Id.* at 4-5. Similarly, $69,555.88 is the net recovery for Miguel Lara; $37,500 is for attorneys' fees; and $5,444.12 is for costs and expenses incurred and advanced by counsel. *Id.* at 5.

## II. Legal Standard

District courts have a special duty to safeguard the interests of litigants who are minors. Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).[1]

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise." L.R. 202(b).[2] Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

---

[1] The Ninth Circuit has made clear that its standards apply in federal question cases. *Robidoux*, 638 F.3d at 1179 n.2. Moreover, district courts within the Ninth Circuit have concluded that federal law applies to the entirety of a request to approve a minor's settlement in cases in which the district court exercises federal question jurisdiction and supplemental jurisdiction over additional state law claims. *See e.g.*, *A.G.A. v. County of Riverside*, No. EDCV 19-00077-VAP (SPx), 2019 WL 2871160, at *2 n.1 (C.D. Cal. April 26, 2019) (collecting cases).

[2] L.R. 202(b)(1) provides that a settlement of an action in which the minor is represented by an appointee pursuant to state law must first be approved by the state court which has jurisdiction over the appointee. However, an exception is provided for actions which are subject to exclusive jurisdiction in federal courts. As this matter involves claims for which the exclusive remedy is an action against the United States in federal court (*see* Doc. 1 at ¶ 2), the exception to L.R. 202(b)(1) applies and initial state court approval is not required. *See* 28 U.S.C. § 1346(b) and 42 U.S.C. § 233.

3

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

L.R. 202(b)(2).  Local Rule 202 also sets forth requirements concerning information that must be disclosed regarding attorney representation: "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount."  L.R. 202(c).  Additionally, Local Rule 202 provides guidelines regarding the disbursements of money to minors:

> Money or property recovered on behalf of a minor will be (1) disbursed to the representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor.

L.R. 202(e).  Lastly, the Court must consider if the "net amount distributed to [the] minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases."  *Robidoux*, 638 F.3d at 1181-82.

**III. Discussion**

The Court must first consider whether the petition satisfies the requirements of Local Rule 202(b)(2).  The petition notes B. R. L. is 5 years old and the son of the guardian ad litem, Franchesca Lara, and of the other Plaintiff, Miguel Lara.  (Doc. 46 at 2).  The petition identifies the claims to be settled: the minor's damages arising from physical injuries due to negligence resulting in a premature birth, and damages from emotional distress to Plaintiffs Franchesca and Miguel Lara.  *Id*.

The petition also provides relevant background concerning this action, including the date, place, and persons involved.  *Id*. at 2-3, 5-7.  The petition states, "Plaintiffs, through the assistance of counsel, have made a careful and diligent inquiry and investigation to ascertain the facts related to the incident described in the Complaint, the responsibility therefore, and the nature, extent, and seriousness of said minors' injuries." *Id.* at 5.  The petition confirms Plaintiffs and counsel understand "that if the Petition for Minor's Compromise is approved by the Court and is entered, said minor will be forever barred from seeking any further recovery from Defendants." *Id*.

### a. The Petition Fails to Disclose Information Regarding the Injury with Sufficient Particularity

If a case involves personal injury, as the instant action does, the petition must disclose the "nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent." L.R. 202(b)(2).  Here, the petition provides that "B.R.L. was born prematurely and required special care because of his premature birth."  (Doc. 46 at 2).  The petition also provides that "Plaintiffs, through the assistance of counsel, have made a careful and diligent inquiry and investigation to ascertain the facts related to the incident described in the Complaint, the responsibility therefore, and *the nature, extent and seriousness of said minors' injuries*." *Id.* at 5 (emphasis added).  Later, the petition states that "when B.R.L. began kindergarten and formal schooling, his progress appeared to be in the normal range with his siblings as well as other children his age in school.  Plaintiffs are confident that B.R.L. has made a good recovery from his initial complications and issues and appears to be progressing at a satisfactory rate for his age." *Id.* at 7-8.  These representations appear to suggest that the injuries at issue are temporary, but the petition has not provided enough detail to ascertain whether that is in fact the case.  No further information is offered regarding the injuries relevant to this action.  The petition does not provide sufficient particularity to inform the Court whether the injuries are temporary or permanent.  Therefore, the Court orders supplemental briefing to address this issue.

### b. The Petition Fails to Provide Information on Expert Reports or Consultations

The Court next considers whether "reports of physicians or other similar experts have been prepared," and if so, whether such reports were provided to the Court.  L.R. 202(b)(2).  Additionally,

5

the Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. *Id.*

The petition provides that "Plaintiffs, by and through counsel, have researched relevant case law, consulted multiple experts, along with verdicts and settlement in similar matters in this jurisdiction prior to reaching a settlement agreement." (Doc. 46 at 5-6). No other information is provided regarding these consultations with experts and whether reports were prepared. Separately, the petition establishes that Defendant retained an expert who rendered an opinion (*id.* at 6); however, no report was filed. Therefore, the Court orders supplemental briefing regarding the reports of, or consultations with, the multiple experts mentioned in the petition and will expect that reports called for under Local Rule 202 are provided to the Court, whether under seal or otherwise.

### c. The Petition Fails to Include Supporting Authority Showing the Settlement is Fair in Light of Analogous Cases

The Court must also consider whether the terms and amount of settlement are fair and reasonable "in light of the facts of the case, the minor's specific claim and recovery in similar cases." *Robidoux*, 638 F.3d at 1181-82. Though there is a brief mention of Plaintiffs having researched relevant case law in the petition (Doc. 46 at 5), the petition fails to provide case authority citing examples of recoveries in similar cases demonstrating the suitability of the settlement amount here as contemplated by *Robidoux*. Accordingly, the Court requires supplemental briefing that includes supporting authority showing that the proposed compromise is fair and reasonable in light of recovery in analogous cases. *See e.g. Vasquez v. City of Stanislaus*, No. 1:19-cv-01610-AWI-SAB, 2021 WL 1734364, at *2 (E.D. Cal. March 31, 2021).

### d. The Petition Fails to Include Sufficient Information Regarding Attorney Representation of Minor Plaintiff

The Court next considers whether the petition satisfies the requirements of Local Rule 202(c). Here, the only mention of information regarding counsel for Plaintiffs is on the cover page, namely that they are represented by Scott A. VanWagenen, with counsel's bar number, address, telephone, and fax number provided, and the amounts to be provided to counsel in fees and costs. The petition outlines $156,250 in attorneys' fees from Plaintiff B. R. L.'s settlement amount, $37,500 in fees from

Plaintiff Franchesca Lara's settlement amount, and $37,500 in fees from Plaintiff Miguel Lara's settlement amount.  (Doc. 46 at 4-5).  This amounts to total attorneys' fees of $231,250.  L.R. 202(c) requires that when a minor is represented by an attorney, the Court be informed "by whom and the terms under which the attorney was employed;  whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount."  L.R. 202(c).  The Court finds the petition does not meet the requirements of Local Rule 202(c).  As such, the Court orders supplemental briefing to address this issue.

    **e. The Disbursement Plan Included in the Petition is Appropriate**

Next, the Court must determine whether the disbursement of the proposed settlement is appropriate pursuant to Local Rule 202(e).  The petition states four lump sum payments shall be disbursed to Plaintiff B. R. L. after he has turned 18.  (Doc. 46 at 3).  The Court finds the petition's proposed disbursement plan appropriate and in the interest of Plaintiff B. R. L.  *See Dumas v. City of Elk Grove*, No. 2:09-cv-01573-GEB-JFM, 2012 WL 2116390, *at 1 (E.D. Cal. June 6, 2012) (structuring payments to minors into fixed annuities in blocked accounts payable on eighteenth birthdays).  Therefore, the Court finds the petition has met the requirements of Local Rule 202(e).

**IV. Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that within 45 days of the date of entry of this order, Plaintiffs shall file a supplemental brief addressing the aforementioned issues raised in this order and any expert reports called for under Local Rule 202.

Upon receipt of the supplemental briefing the Court shall prepare and submit findings and recommendations to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.

IT IS SO ORDERED.

Dated:   **August 16, 2024**                        _____
                                                               UNITED STATES MAGISTRATE JUDGE