UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B. R. L., a minor, by and through his guardian ad litem, FRANCHESCA LARA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CLINICA SIERRA VISTA, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-01445-JLT-CDB<br><br>FINDINGS AND RECOMMEMDATION TO GRANT PLAINTIFFS' PETITION FOR APPROVAL OF MINOR'S COMPROMISE<br><br>(Docs. 46, 48) |

Pending before the Court is the unopposed petition of Plaintiffs B.R.L., a minor, by and through his parent and guardian ad litem, Franchesca Lara, who is also a party to this action as an individual, and Miguel Lara (collectively, "Plaintiffs") for approval of the parties' proposed settlement of B. R. L's claims pursuant to Federal Rule of Civil Procedure 17(c) and Local Rule 202(b). The proposed settlement will resolve Plaintiffs' claims of professional negligence arising from medical malpractice. (Doc. 1 at 5-9; Doc. 46 at 2-3). The undersigned recommends that the minor's compromise be approved as the settlement agreement is fair, reasonable, and in the best interests of the child.

**I.      Factual and Procedural History**

On August 16, 2019, Plaintiff B. R. L was born to his mother, guardian ad litem Franchesca Lara, at Adventist Health Bakersfield. (Doc. 8 at 2). B. R. L. was born prematurely and, because of this, required special care. (Doc. 46 at 2). On October 29, 2020, Plaintiffs filed

1   an action in Kern County Superior Court alleging professional negligence resulting in medical
2   malpractice against Clinica Sierra Vista, Adventist Health Bakersfield, and a number of medical
3   professionals.  (Doc. 1-1 at 3).  On September 28, 2021, the United States removed this case from
4   Kern County Superior Court.  (Doc. 1).  Defendant United States substituted into the action in
5   place of Defendants Clinica Sierra Vista, Lynous Willard Hall, and Hung Traw Henry Luu Tran
6   under the Federal Tort Claims Act (28 U.S.C. §§ 2671 *et seq.* and 28 U.S.C. § 1346(b))
7   ("FTCA") and 42 U.S.C. § 233.  *See* (Doc. 4).

8   On December 22, 2023, the parties filed their joint pretrial statement.  (Doc. 35).  The
9   pretrial conference was held on January 8, 2024.  (Doc. 36).  On January 9, 2024, a pretrial order
10  was issued, setting a jury trial for March 5, 2024, before District Judge Jennifer L. Thurston.
11  (Doc. 37).  On January 24, 2024, the United States filed a notice of settlement.  (Doc. 38).  On
12  January 31, 2024, the trial date was vacated and the parties were given 21 days to file a petition
13  for approval of minor's compromise.  (Doc. 39).  On February 23, 2024, the Court issued an order
14  to show cause for failure to timely file the petition.  (Doc. 40).

15  In response to the order, counsel for Plaintiffs represented that the parties were waiting
16  upon a Medi-Cal lien.  *See* (Doc. 42).  The California Department of Health Care Services
17  ("DHCS") had provided that their policy is to wait 120 days after the final date of treatment, or
18  settlement date, whichever comes first, to order data from the beneficiary's managed care plan;
19  the data was scheduled to be ordered May 23, 2024.  *See id.*  The Court directed counsel for
20  Plaintiff to file a declaration as to the status of the lien by May 28, 2024.  (Doc. 43).  Counsel for
21  Plaintiff timely filed this declaration on May 21, 2024, representing that Plaintiffs were still
22  awaiting the data from DHCS.  *See* (Doc. 44).  The Court extended by 90 days the time by which
23  Plaintiffs were required to file either a petition for approval of minor's compromise or a further
24  declaration updating the Court as to the status of the lien, no later than August 26, 2024.  (Doc.
25  45).  On August 12, 2024, counsel for Plaintiffs filed the stipulated petition for approval of
26  minor's compromise claim.  (Doc. 46).

27  On August 16, 2024, the Court directed Plaintiffs to submit supplemental briefing on the
28  petition, within 45 days of issuance of the order.  (Doc. 47).  The Court directed supplemental

briefing regarding the minor Plaintiff's injury, expert reports or consultations, supporting authority showing the proposed settlement is fair, and attorney representation. *See id.* On September 25, 2024, Plaintiffs timely filed supplemental briefing in support of their petition. (Doc. 48).

## II.   Terms of the Proposed Settlement

The settlement for B. R. L. is in the amount of $625,000.00, to be paid by Defendant United States, including all costs and attorneys' fees. (Doc. 46 at 3). The parties have agreed that $225,774.13 will be payable by electronic fund transfer to JMW Settlements, LLC, for the purchase of an annuity for the benefit of B. R. L. *Id.* The annuity will make payments to B. R. L. as follows: a lump sum of $75,000 payable on August 16, 2037; a lump sum of $100,000 payable on August 16, 2040; a lump sum of $150,000 payable on August 16, 2044; and a lump sum of $225,000 payable on August 16, 2049. *Id.* The amount of $399,225.87 will be paid to counsel for Plaintiff's client trust account for attorneys' fees ($156,250), advanced case costs ($28,687.50), and payment to DHCS to satisfy a lien for medical care previously provided ($214,288.37). *Id.* at 4.

The settlement for the adult claimants, Franchesca Lara and Miguel Lara, is in the amount of $225,000, to be paid by Defendant Adventist Health, *et al*; from that amount, $112,500 is for each adult claimant. *Id.* at 4. From each adult claimant's award, $69,555.88 is the net recovery for the claimant; $37,500 is for attorneys' fees; and $5,444.12 is for costs and expenses incurred and advanced by counsel. *Id.* at 4-5.

## III.   Settlement Approval Standards

No settlement or compromise of "a claim or against a minor or incompetent person" is effective unless it is approved by the Court. Local Rule 202(b). The purpose of requiring the court's approval is to provide an additional level of oversight to ensure that the child's interests are protected. *K.M. v. Tehachapi School District*, No. 1:17-cv-01431-LJO-JLT, 2019 WL 991048, at *4 (E.D. Cal. Feb. 28, 2019). Under Local Rule 202(b)(2) a party seeking approval of the settlement must disclose:

///

> [T]he age and sex of the minor, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount ... was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.

L.R. 202(b)(2). Under Federal Rule of Civil Procedure 17(c), the Court has a responsibility to safeguard the interests of child-litigants. *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). The Court is obligated to independently assess the fairness of a settlement even where the parent has recommended it. *Id.* at 1181; *see Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) (holding that "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem") (internal citation omitted). The Court is required to consider whether the net amount distributed to a minor plaintiff is fair and reasonable in light of the facts of the case, the minor's specific claim, and recovery in similar cases. *Robidoux*, 638 F.3d at 1181-82.

**IV.     Discussion and Analysis**

The petition for approval of settlement, together with Plaintiff's supplemental briefing, reached on behalf of B. R. L., sets forth the information required by Local Rule 202(b)(2). B. R. L. is currently five years of age and attending kindergarten at a public school in Bakersfield, California. (Doc. 48 at 13). The petition, as set forth above, describes the events that gave rise to Plaintiff's damage claims stemming from his birth at the hospital.

**A. Award and Disbursement Plan to B. R. L.**

The petition provides for four lump sum payments to be disbursed to B. R. L. after he has turned 18 (Doc. 46 at 3), as provided in further detail above in section II. The Court finds that the proposed disbursement plan is appropriate and in the interest of Plaintiff B. R. L. *See Dumas v. City of Elk Grove*, No. 2:09-cv-01573-GEB-JFM, 2012 WL 2116390, *at 1 (E.D. Cal. June 6, 2012) (approving structured payments for minors into fixed annuities in blocked accounts payable on 18th birthday). Therefore, the Court finds the petition has met the requirements of Local Rule

202(e).

**B. Attorney Representation**

Plaintiffs attach to their filings in support of approval of the minor's compromise signed contingency fee agreements for Franchesca Lara and B. R. L. (Docs. 48-8, 48-9). Plaintiffs represent that they first contacted their counsel on October 3, 2019 based on a referral by a prior client and requested representation in this matter. (Doc. 48 at 17). They signed the contingency fee agreements on October 5, 2019. *Id.*; (Docs. 48-8, 48-9).

Plaintiffs' counsel has no apparent conflicts of interest and the contingency fee agreements do not present any likely conflicts.

**C. Attorney's Fees and Costs**

Typically, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors. *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (citing cases). However, the Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.

The petition states total attorney's fees for Plaintiff B. R. L. shall be in the amount of $156,250. (Doc. 46 at 4). This amounts to 25 percent of his settlement amount total of $625,000. The total fees for all Plaintiffs together, including adults, amounts to $231,250 out of the total settlement amount from both Defendants, for all Plaintiffs, of $850,000. *See id.* at 3-5. This amounts to approximately 27.21% of the total settlement.

As the case has been litigated for nearly four years from the date of its filing in state court (Doc. 1), the total attorney's fees from B. R. L are at the 25 percent recovery benchmark, and the fees from the adult Plaintiffs are only marginally above the 25 percent benchmark. The Court finds the attorney's fees and costs to be fair.

**D. Sufficient Particularity Regarding the Injury**

Plaintiffs allege negligence as to the actions of terminated Defendants Hall and Tran, physicians involved in the birth of B. R. L. Plaintiffs allege that Hall erroneously changed the

5

birthing date, setting it too early, based on his review of an ultrasound that was in fact from Plaintiff Franchesca Lara's prior pregnancy a year earlier.  Plaintiffs allege that Tran and the attending nurses and staff at Adventist Health were negligent in failing to notice and correct the error, even when Franchesca Lara was admitted to the hospital on August 13, 2019, when 25 weeks, as opposed to 36 weeks, pregnant.  (Doc. 48 at 3).

Plaintiffs allege that Tran was negligent in failing to order a complete ultrasound before inducing labor, and then leaving the birthing area until after B. R. L. was born.  Plaintiffs also allege negligence on the part of the nurses and staff for failing to ascertain the age of the fetus prior to the delivery, as well as failing to perform their duties to ensure a safe operation.  *Id.*

Plaintiffs provide that B. R. L. is attending kindergarten at a public school in Bakersfield, where he is "thriving" and "doing well in his school assignments."  (Doc. 48 at 13).  He has been seen regularly by his pediatrician at Clinica Sierra Vista.  Plaintiffs state he was seen more recently by Frances Rabanal, PA, at Clinica Sierra Vista for his wellness check and school physical.  His blood pressure, pulse, and eye exam all returned normal findings, though he was noted to be in the 21st percentile for his weight and 13th percentile for his height.  Plaintiffs represent that he was given a list of activities and markers for his regular development and learning, as he progresses through kindergarten, and was released with no other needs for treatment.  *Id.* at 13-14.

In support, Plaintiffs attach to their filings an "after visit summary" from Comprehensive Care Clinic dated September 20, 2024.  (Doc. 48-6).  The summary appears to show graphics charting average weight and height ranges for male children in B. R. L.'s age bracket.  B. R. L.'s weight and height are shown to fall consistently well below the average, with his weight showing as in the 21st percentile and his height in the 13th percentile.  *Id.* at 1.  Additionally, an accompanying medication list shows a total of ten medications, nine of which are to be taken daily.  Of these, two are notable as listed for a diagnosis of chronic lung disease and another for acute bronchitis.  *Id.* at 3.

Plaintiffs provide that B. R. L. experiences bronchitis two to three times a year but recovers fully after receiving care.  They also state that he has been active in learning, exercises,

6

1  and activities in school and has been doing well.  They represent that his speech has been
2  improving and that he has had no further follow-ups with any specialists for speech, vision, or
3  hearing issues for over two years.  Finally, Plaintiffs state that they are confident B. R. L has
4  made a successful recovery from the initial complications following his birth and both adult
5  Plaintiffs, his parents, are in agreement with the proposed settlement.  (Doc. 48 at 14).

### E. Expert Reports and Consultations

Plaintiffs' attach the deposition transcript of their expert, James Ingaglio, MD, to their supplemental briefing.  (Doc. 48-4).  Dr. Ingaglio testified that if Defendants had not mistakenly changed the fetal age to 34 weeks, they could and should have administered magnesium sulfate to stop Franchesca Lara's contractions, ordered bethamethasone steroids to help accelerate fetal lung maturity, and ordered antibiotics to prevent intraamniotic infection to prolong the pregnancy.  (Doc. 48 at 12; Doc. 48-4 at 40).  Dr. Ingaglio opined that such precautions could have delayed B. R. L.'s birth for one to three weeks.  *Id.*  He further testified that in his personal experience, administering magnesium citrate has delayed delivery from 48 hours to as much as multiple weeks, over 50% of the time.  (Doc. 48 at 13; Doc. 48-4 at 54-55).

Plaintiffs also attach the report of Defendants' expert Victor K. Chun, MD.  (Doc. 48-5).  Dr. Chun opined that it is more likely than not that B. R. L. would have been born within 24 hours of Franchesca Lara's presentation at the emergency room, since she was already in "spontaneous active labor with a history of delivering a previous preterm fetus."  *Id.* at 3.  Dr. Chun further provides that, even if all necessary steps were taken to delay delivery, the birth would have occurred shortly after Franchesca Lara's admittance into Adventist Health, regardless of any negligence.  *Id.* at 4.

### F. Recovery in Similar Actions

The Court is required to consider the outcome of similar cases to determine whether the sum to settle the minor's claims is reasonable.  *Robidoux*, 638 F.3d at 1181; *Salmeron*, 724 F.2d at 1363.  The supplemental briefing cites three examples of recovery in other actions, one of which involved Plaintiffs' counsel in a prior approved minor's compromise settlement.

The case of *L.T. v. United States* (No. 2:22-cv-00142-KJM-AC (E.D. Cal.)) concerns a

1    premature birth overseen by a defendant doctor acting under the scope of federal employment,
2    where the child suffered medical complications, including brachial plexus paralysis, and the
3    plaintiffs brought an action under the Federal Tort Claims Act.  After considering the lack of
4    opposition to a proposed minor's compromise, the extent of injuries at issue, the 25 percent
5    attorney's fees agreement, the disbursement plan, and prior similar cases, the Court held that the
6    settlement amount of $195,000 was fair.  *L.T. v. United States*, No. 2:22-cv-00142-KJM-AC,
7    2023 WL 5434423 (E.D. Cal. Aug. 23, 2023).  In a similar case involving a similar injury, the
8    Court approved a total settlement amount of $325,000, before deductions for fees and costs and a
9    medical lien.  *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450 (E.D.
10   Cal. June 22, 2016).

11          Plaintiffs also attach to their filings a state court approval of a $1,250,000 settlement in a
12   case in Fresno County Superior Court (*Isabella Madrid v. Adventist Medical Center, Reedley*, No.
13   13CECG03829), where Plaintiffs' counsel represented the plaintiff.  (Doc. 48-10.)  In that case,
14   Plaintiffs state the mother was admitted into the defendant hospital when 36 weeks pregnant.  The
15   claims at issue involved negligence by the OBGYN physician in failing to order an ultrasound
16   and by the emergency room physician in failing to properly intubate the child once delivered.  As
17   a result, the child suffered extensive injuries and was hospitalized for over two months after birth.
18   (Doc. 48 at 18; Doc. 48-10 at 2).

19          The undersigned has compared the facts and circumstances of this case to somewhat
20   similar cases involving medical negligence during births and finds that this comparison supports a
21   conclusion that the proposed settlement is reasonable.  *See. e.g., E.R. by & through Young v.*
22   *Sutter Davis Hosp.*, No. 2:14-cv-2053-WBS-CKD, 2017 WL 6003125, at *2 (E.D. Cal. Mar. 7,
23   2017) (approving $875,000 settlement in case alleging medical negligence by physicians during
24   minor plaintiff's birth); *R.T.B. by & through Breault v. United States*, No. 19-CV-2305-W(KSC),
25   2021 WL 6062552, at *6 (S.D. Cal. Dec. 22, 2021), report and recommendation adopted, No. 19-
26   CV-2305 W (KSC), 2022 WL 1195538 (S.D. Cal. Jan. 4, 2022) (approving $3,500,000 settlement
27   in action brought under the Federal Tort Claims Act alleging negligence during minor plaintiff's
28   birth).

8

Though each of the above-cited cases present certain distinctions, they each involve allegations where a minor suffered medical issues due to the circumstances of their birth. The proposed settlement amount presented by the parties here is aligned with these other cases involving similar factual scenarios.

Having considered the litigation risks outlined by the parties in their supplemental briefing, B. R. L.'s successful recovery and his moderate treatment needs projected into the future, the Court finds that the proposed settlement amount is fair, reasonable, and in the best interests of B. R. L. when compared to similar settlements and based on the particular facts of this case.

## V.     Findings and Recommendations

Based upon the foregoing, the undersigned **RECOMMENDS** that the unopposed petition to approve settlement of the minor's claims be **APPROVED IN FULL** and that the parties be **DIRECTED** to file with the Court a stipulation for dismissal of the action with prejudice, and lodge a separate order, no later than 45 days after these findings and recommendations are adopted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     **October 16, 2024**

UNITED STATES MAGISTRATE JUDGE